PEOPLE, PLAINTIFF AND APPELLEE, *v.* ALMODÓVAR, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Aggravated Assault and Battery.

No. 2109.—Decided February 25, 1924.

INDICTMENT—LIMITATION OF TIME—GOOD CAUSE.—The mere fact that a grand jury is impaneled at each term is not a good cause for failure to find an indictment within sixty days after the defendant was arrested. It should have been explained why the grand jury did not act when it could have acted within the sixty days. Then it would have been possible to determine whether or not there was good cause. That explanation not having been made and the sixty days fixed by law having expired, the indictment should have been quashed.

The facts are stated in the opinion.

*Mr. A. Aponte, Jr.,* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Juan Almodóvar was indicted and tried for attempt to kill and convicted of aggravated assault and battery. He appealed and assigned five errors in his brief. The first is that the court erred in refusing to quash the indictment.

The record shows that the 23rd of June, 1922, having been set for the arraignment, the indictment being dated June 12, 1922, the defendant moved that the indictment be quashed because the indictment had not been filed until more than sixty days after the date of his arrest, offering in evidence the record of the case which shows that he was arrested on March 14, 1922, and, therefore, that between the date of his arrest and that of the indictment more than sixty days had actually elapsed.

The district attorney was heard and the court overruled the motion to quash. In his ruling the court said:

"In accordance with the Grand Jury Act, at each term of the court it is necessary to order the impaneling of a grand jury, and it is a fact of which the court takes judicial notice that there was a—

term from March to April and a grand jury was impaneled on March, 1, 1922, or before the arrest of the accused; that the next term was in May and June and on the 12th of June a grand jury that had been drawn on the 1st of that month was impaneled, and that to that grand jury was submitted the case in which the jury found the indictment now moved to be quashed on the ground that more than sixty days elapsed between the date of the arrest of the defendant and the date of the filing of the indictment. In accordance with section 448 of the Code of Crimnial Procedure and the jurisprudence established in the cases of *People* v. *Salinas,* 9 P. R. R. 334, and *People* v. *Ayala,* 19 P. R. R. 888, it is necessary that the period of sixty days be allowed to elapse without good cause, and if the next meeting of the grand jury after the arrest of the de-defendant was in the month of June, the lapse of the sixty day's was not unjustified. The court overrules the motion to quash made by the defendant.''

The defense insists in this Supreme Court that the cause taken into account by the court for overruling his motion was not a good cause. The *Fiscal* of this court agreed with the defendant. Indeed, the court itself said that one of its terms was held in May and June of 1922 and that the grand jury was not impaneled until June 12th. Such being the case, as the grand jury could have been impaneled in May and it not being shown that for some good cause it was not impaneled in that month, the right of the defendant is clear in accordance with the law and the jurisprudence cited by the district court. As the district courts of Porto Rico hold five terms of two months each and as a grand jury is impaneled at each term, the period of sixty days, which is twice the time allowed in California, does not render compliance with the statute impossible.

The judgment appealed from must be reversed and the case dismissed.

*Reversed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.